IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 26, 2017 Session

**FREDDY MORA, ET AL. v. DAVID VINCENT, ET AL.**

**Appeal from the Chancery Court for Bradley County**
**No. 2011-CV-143    Jerri S. Bryant, Chancellor**

_____

**No. E2016-00327-COA-R3-CV**

_____

Freddy Mora ("Plaintiff"), pro se, appeals the February 4, 2016 judgment of the Chancery Court for Bradley County ("the Trial Court") in this suit alleging violations of Tenn. Code Ann. § 66-28-101, *et seq.*, the Uniform Residential Landlord and Tenant Act. Plaintiff's brief on appeal severely fails to comply with Tenn. R. App. P. 27. We, therefore, find that Plaintiff has waived his issues on appeal. David Vincent and Teresa Vincent ("Defendants") raise an issue regarding the Trial Court's award to Plaintiff of attorney's fees. We find and hold that while the award of attorney's fees was proper, there is nothing in the record before us on appeal showing any evidence which the Trial Court could have relied upon in determining the amount of attorney's fees. Nor is there anything in the record showing that the Trial Court considered the factors contained in Rule 8, RPC 1.5 of the Rules of the Supreme Court or the applicable case law in determining the amount of reasonable attorney's fees. Given all this, we vacate the amount awarded in attorney's fees and remand this case to the Trial Court for further proceedings to determine the amount of reasonable attorney's fees to be awarded to Plaintiff.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed, in part; Vacated, in part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Freddy Mora, Cleveland, Tennessee, pro se appellant.

Laurie H. Hallenberg, Cleveland, Tennessee, for the appellees, David Vincent and Teresa Vincent.

Mitchell L. Meeks, Chattanooga, Tennessee, for the appellee, John Christopher German.

**MEMORANDUM OPINION[1]**

Plaintiff Freddy Mora and Nadya Mora[2] sued David Vincent alleging, among other things, violations of Tenn. Code Ann. § 66-28-101, *et seq*., the Uniform Residential Landlord and Tenant Act, in connection with an agreement for the Moras to lease/purchase real property located in Cleveland, Tennessee. The Moras later amended their complaint to name Teresa Vincent and John Christopher German[3] as additional party defendants.

The case was tried without a jury, and all parties were represented by attorneys at trial. After trial, the Trial Court entered its judgment on February 4, 2016, finding and holding, *inter alia*, that the defendants had violated the Uniform Residential Landlord and Tenant Act, that the plaintiffs were entitled to the return of their security deposit and personal property that remained on the premises, that the plaintiffs were entitled to an award of attorney's fees in the amount of $7,500, that the plaintiffs had failed to prove their other claims, and that the defendants had failed to prove their counterclaim. Plaintiff Freddy Mora appealed the Trial Court's judgment to this Court.

Plaintiff is pro se on appeal. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp*., 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] Nadya Mora is not a party to this appeal.

[3] David Vincent and Teresa Vincent filed a brief on appeal. John Christopher German ("German") neither filed a brief on appeal nor filed anything showing that he joined in the brief filed by the Vincents. On November 28, 2016, this Court entered an order noting that German had not filed a brief and directing German to file a brief or show cause why the appeal should not be submitted for decision upon the record and briefs filed by the other parties to the appeal. The case was submitted for decision upon the record and the briefs filed by Plaintiff Freddy Mora and Defendants David Vincent and Teresa Vincent.

S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow,* 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003).

Plaintiff's brief on appeal severely fails to comply with Tenn. R. App. P. 27. Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, *inter alia*:

> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> * * *
>
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
> (8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

While Plaintiff's brief contains a page titled "TABLE OF CONTENTS," this page does not contain any references to the pages in the brief. Plaintiff's brief fails to contain any of the other content required by Tenn. R. App. P. 27(a) as listed above. Plaintiff's

3

brief on appeal contains no table of authorities. This lack of a table of authorities, however, is not all that surprising as the brief fails to cite any legal authority whatsoever.

Instead of containing the sections required by Tenn. R. App. P. 27(a), Plaintiff's brief contains lists of page and line numbers, which appear to be references to the transcript from the trial. Some of these numbers are followed by allegations about why Plaintiff believes that the statements and testimony contained on those pages is incorrect in some respect. Some of the references to the transcript are references to statements made by, or questions asked by, the attorneys at trial, which do not constitute evidence.

Perhaps the only thing that is clear from Plaintiff's brief is that Plaintiff is unhappy with the outcome of the trial in some way. Plaintiff's brief, however, does not contain a statement of the issues as required by Tenn. R. App. P. 27(a)(4), and thus, it is impossible to tell from the brief what appealable issue or issues Plaintiff wishes to raise. We will not undertake to search the record and then revise Plaintiff's brief in its entirety so as to create issues of claimed errors by the Trial Court when Plaintiff raises no such specific claimed errors because to do so would have this Court serve as Plaintiff's attorney.

We are not unmindful of Plaintiff's pro se status and have given him the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiff's brief for him, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover arguments or issues that Plaintiff may have made had he been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiff's attorney.

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have warned repeatedly:

Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993)

4

(*citing Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Plaintiff failed to comply in any significant way with Tenn. R. App. P. 27, and this failure makes it impossible for this Court to conduct any realistic review of the Trial Court's judgment. As such, we find and hold that Plaintiff has waived any issues he may have attempted to raise on appeal.

Although not stated exactly as such, Defendants raise two issues on appeal: 1) whether the Trial Court erred in awarding Plaintiff $7,500 in attorney's fees; and 2) whether Plaintiff's appeal is frivolous entitling Defendants to an award of attorney's fees on appeal.

The Trial Court found and held that the defendants' eviction of the plaintiffs was in violation of the Uniform Residential Landlord and Tenant Act. Pursuant to Tenn. Code Ann. § 66-28-504, a tenant may recover "actual damages sustained by the tenant, and punitive damages when appropriate, plus a reasonable attorney's fee" in the case of an eviction in violation of the Uniform Residential Landlord and Tenant Act. Tenn. Code Ann. § 66-28-504 (2015).

In their brief on appeal, Defendants do not argue that Plaintiff was not entitled to an award of attorney's fees. Rather, they argue that the record is devoid of any evidence in support of the amount of attorney's fees that the Trial Court awarded. We discern no error in the Trial Court's determination that an award of attorney's fees to Plaintiff was proper. Thus, we review this issue solely to determine if the Trial Court erred in determining the amount of attorney's fees.

As this Court explained in *Killingsworth v. Ted Russell Ford, Inc.*:

There is no fixed mathematical rule in this jurisdiction for determining reasonable fees and costs. This being the case, an appellate court will normally defer to a trial court's award of attorney's fees unless there is "a showing of an abuse of [the trial court's] discretion." *Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. Ct. App. 1987); *see also Sanders*, 989 S.W.2d at 345. In evaluating the lower court's exercise of discretion in a non-jury setting, we review its award *de novo*. We are not authorized to disturb the trial court's award unless we find that the evidence preponderates against the trial court's factual findings. Tenn. R. App. P. 13(d).

5

*Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002).

Whether an attorney's fee is reasonable is determined by considering the Rules of Professional Conduct 1.5 contained in Rule 8 of the Rules of the Supreme Court, which provides, in pertinent part:

> The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) whether the fee is fixed or contingent;
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
> (10) whether the fee agreement is in writing.

R. Sup. Ct. 8, RPC 1.5.

As best as we can tell from the record now before us, the only evidence presented to the Trial Court regarding the attorney's fees that were being charged to Plaintiff appeared in Exhibit 4, which is a typed listing detailing the plaintiffs' claimed damages including attorney's fees in the amount of $27,412.50. In its memorandum opinion incorporated into the judgment by reference, the Trial Court stated with regard to Exhibit 4 that "his exhibit itself is not credible. It is not supported. It is not quantifiable." Furthermore, we can find nothing in the record on appeal to indicate that the Trial Court considered the factors set forth in R. Sup. Ct. 8, RPC 1.5 or any applicable case law in arriving at the amount of reasonable attorney's fees to award to plaintiffs.

As we are unable to determine what facts the Trial Court based the amount of the attorney's fee award upon and whether the Trial Court considered the factors set forth in R. Sup. Ct. 8, RPC 1.5 or the applicable case law in determining the amount of reasonable attorney's fees, we vacate the amount of attorney's fees awarded and remand

this case to the Trial Court for further hearing on the proper amount of reasonable attorney's fees to be awarded to Plaintiff.

We next consider the issue raised by Defendants regarding whether Plaintiff's appeal is frivolous. " 'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.' " *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27–1–122 addresses damages for frivolous appeals stating:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27–1–122 (2000).

As discussed more fully above, Plaintiff's brief on appeal is so severely deficient that this Court is unable to determine even what issues Plaintiff is attempting to raise on appeal. As such, Plaintiff's appeal is devoid of merit with little prospect that the appeal could ever succeed. Given this, we hold Plaintiff's appeal frivolous and remand this case to the Trial Court for a determination of an award of damages for frivolous appeal from Plaintiff, Freddy Mora, to Defendants, David Vincent and Teresa Vincent.

The judgment of the Trial Court is affirmed, in part, and vacated only as to the amount of attorney's fees awarded to Plaintiff, but not as to the award of reasonable attorney fees. This cause is remanded to the Trial Court for further proceedings to determine the correct amount of reasonable attorney's fees to be awarded to Plaintiff. The costs on appeal are assessed against the appellant, Freddy Mora.

_____
D. MICHAEL SWINEY, CHIEF JUDGE