FILED

03/14/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 19, 2017 Session

## DORIS ANNETTE CHRISTENBERRY v. OCWEN LOAN SERVICING, LLC, ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-19194      David R. Duggan, Judge**

### No. E2017-01026-COA-R3-CV

Doris Annette Christenberry ("Plaintiff"), pro se, appeals the April 19, 2017 judgment of the Circuit Court for Blount County ("the Trial Court") granting summary judgment to Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A., among other things. Plaintiff's brief on appeal fails to comply in any meaningful way with Tenn. R. App. P. 27. We, therefore, find that Plaintiff has waived her issues on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and D. KELLY THOMAS, JR., JJ., joined.

Doris Annette Christenberry, Seymour, Tennessee, pro se appellant.

Edmund S. Sauer and Brian R. Epling, Nashville, Tennessee, for the appellees, Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A., as trustee.

### MEMORANDUM OPINION[1]

In January of 2016, Plaintiff, pro se, filed a complaint in the Trial Court against Ocwen Loan Servicing, LLC, Mackie Wolf Zientz & Mann, P.C., "Option One Mortgage

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

(non existing)" and "American Home Mortgage Servicing (non-existing)." This suit later was consolidated with an appeal from a judgment of the General Sessions Court for Blount County involving Plaintiff and defendants Ocwen Loan Servicing, LLC; Wells Fargo Bank, N.A.; and Mackie Wolf Zientz & Mann, P.C.

Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A. ("Defendants") filed a motion for summary judgment. After a hearing on the motion, the Trial Court entered its order on April 19, 2017, granting summary judgment to Defendants dismissing Plaintiff's cases with prejudice and issuing a writ of possession to Defendants for possession of the subject property after finding and holding, *inter alia*:

> At the hearing on March 13, the Court once again explained to Ms. Christenberry that it is necessary that she file the appropriate pleadings and other filings with the Court. Specifically, the Court noted that while she had filed what she styled answers to the movants' motion, she had failed to file a response to movants' statement of undisputed material facts. While the Court could have issued summary judgment at the hearing, the Court heard argument, took the matter under advisement, and gave Ms. Christenberry until April 3, 2017 to file a proper response to the statement of undisputed material facts. Movants were then given until April 17 to file any additional pleadings, if any, which they may wish to file.

> On April 3, 2017, Ms. Christenberry filed what she styled "exhibits of proof in above styled lawsuit" which makes absolutely no reference to movants' statement of undisputed material facts, which are now before the Court unrebutted.

> * * *

> Again, those facts are unrebutted. They negate essential elements of Plaintiff, Ms. Christenberry's, claim in case no. L-19194 and establish that she cannot prove her claim, and they further establish, in case no. L-19272, that there are no genuine issues of material fact, and movants are entitled to judgment as a matter of law, including entry of a writ of possession. It is further noted that any of Ms. Christenberry's claims for conversion relating to handling of an insurance check are barred by the statute of limitations found at Tenn. Code Ann. §47-3-118(g).

> In making these findings and reaching these conclusions, the Court wishes to note that it has taken into consideration the various arguments made by Ms. Christenberry, but none of those arguments rebut any of the

facts found herein, in addition to the fact that she has failed to properly respond to movants' statement of undisputed material facts.

For example, she continues to complain about a marital division of assets in a divorce action before the late Honorable W. Dale Young several years ago, which ruling was appealed and largely affirmed. In any event, the case is final and over. The Court has attempted to explain to Ms. Christenberry, on several occasions including in other causes of action she has filed, that those matters are concluded, and there is nothing this Court can do about that division of assets.

As another example, she seeks to rely on two letters sent from Ocwen in December 2015 which were sent **after** the foreclosure. She seeks to rely upon these letters as if they concede her points. These letters, however, are simply form letters which acknowledge receipt of her complaints and pledge a response. In her most recent filings, she included a letter from Ocwen dated December 21, 2015 which establishes that Ocwen indeed responded to her various complaints.

As yet another example, Ms. Christenberry wants to complain about the fact the the [sic] loan servicer, in 2008—some seven years prior to the foreclosure, apparently for some reason held one or more insurance checks that had been issued by the property insurer related to storm damage to the subject property.

None of this has anything to do with her default and the subsequent foreclosure. While she quarrels with the amount of her default and challenges the accuracy of the payment history (including alleging there were payments that were not credited to her account), she concedes in her own filings that she was in default—if only one payment.

In its April 19, 2017 order, the Trial Court also dismissed Plaintiff's claims against Mackie Wolf Zientz & Mann, P.C. because Plaintiff failed to achieve service of process upon Mackie Wolf Zientz & Mann, P.C.

Plaintiff is pro se on appeal. As this Court explained in *Young v. Barrow*:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take

3

into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003).

Plaintiff's brief on appeal fails to comply in any meaningful way with Tenn. R. App. P. 27. Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, inter alia:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

4

Plaintiff's brief on appeal does not contain either a table of contents or a table of authorities as required by Tenn. R. App. P. 27(a) as listed above. The lack of a table of authorities, however, is not all that surprising as the brief fails to cite any legal authority whatsoever. While Plaintiff's brief contains a section titled "ISSUES PRESENTED FOR REVIEW," this nearly seven page long statement of the issues is largely useless as it is made up mostly of sentence fragments, random thoughts, and what appears to be alleged evidence unrelated to any issue involved in this suit. We are unable to determine from this statement of the issues what appealable issues Plaintiff may be attempting to raise. Plaintiff's brief does contain a section titled "STATEMENT OF THE CASE" and one titled "STATEMENT OF THE FACTS," but again, these sections are largely of no aid to this court and make no "appropriate references to the record" as required. The section of Plaintiff's brief titled "ARGUMENT" consists of a mere six lines of type, is largely unintelligible, and does not address the instant suit in any manner whatsoever. Finally, Plaintiff's brief contains a section titled "CONCLUSION," which, as best as we can understand, asks for the evidence to be reviewed and for this Court "to arrive at a correction to what has been delivered by The Circuit Court of Blount County that would deliver correct Justice in The United States of America."

Perhaps the only thing that is clear from Plaintiff's brief is that Plaintiff is unhappy with the outcome of the judgment in some way. It is impossible, however, to tell from the brief what appealable issue or issues Plaintiff wishes to raise. We will not undertake to search the record and then revise Plaintiff's brief in its entirety so as to create issues of claimed errors by the Trial Court when Plaintiff raises no such specific claimed errors because to do so would have this Court serve as Plaintiff's attorney.

We are not unmindful of Plaintiff's pro se status and have given her the benefit of the doubt whenever possible. Nevertheless, we cannot write Plaintiff's brief for her, and we are not able to create arguments or issues where none otherwise are set forth. Likewise, we will not dig through the record in an attempt to discover issues and facts in support of those issues that Plaintiff may have made had she been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court again would be acting as Plaintiff's attorney.

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v.*

*Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Plaintiff failed to comply in any significant way with Tenn. R. App. P. 27, and this failure makes it impossible for this Court to conduct any realistic review of the Trial Court's judgment. As such, we find and hold that Plaintiff has waived any issues she may have attempted to raise on appeal.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Doris Annette Christenberry.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

6