IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 4, 2018

## ROBERT SAWYERS, SR. v. E & R AUTO SALES, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 17C2522     Kelvin D. Jones, Judge**

_____

### No. M2018-00495-COA-R3-CV

_____

This appeal arises from a dispute over an automobile purchase. Robert Sawyers, Sr. ("Plaintiff") filed a claim against E & R Auto Sales, Inc. ("Defendant") in the General Sessions Court for Davidson County ("the General Sessions Court") alleging that Defendant sold him a problem-riddled vehicle and seeking $13,000 in damages. The General Sessions Court dismissed Plaintiff's action. Plaintiff appealed to the Circuit Court for Davidson County ("the Trial Court"). The Trial Court dismissed a counter-claim filed by Defendant and awarded Plaintiff $350.00. Plaintiff appeals pro se, arguing he should have been awarded more money. Plaintiff's brief fails to comply with Tenn. R. App. P. 27. We, therefore, find that Plaintiff has waived his issue on appeal. Furthermore, the record contains no transcript or statement of the evidence. As such, the record presented to this Court precludes meaningful review of the issue on appeal. Given all this, we affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Robert Sawyers, Sr., pro se appellant.

Joel A. Vallejo, Nashville, Tennessee, for the appellee, E & R Auto Sales, Inc.

# MEMORANDUM OPINION[1]

## Background

In April 2016, Plaintiff bought a 2006 Cadillac CTS—"As Is"—from Defendant. The vehicle turned out to have a number of problems. Defendant, in what it characterized as a goodwill gesture, arranged for the vehicle to be repaired at no cost to Plaintiff. The problems evidently were not resolved to Plaintiff's satisfaction. Plaintiff surrendered the vehicle to Defendant, and Defendant later put the vehicle on sale for the deficiency balance on the contract.

Plaintiff filed a consumer complaint against Defendant with the Tennessee Department of Commerce & Insurance, Division of Consumer Affairs. In June 2017, Plaintiff filed a claim in the General Sessions Court alleging Defendant would not repair the problems with the vehicle and seeking $13,000 in damages. This figure included the down payment, monthly payment, and the cost of insurance. Defendant, in turn, filed a counter-claim against Plaintiff. In September 2017, the General Sessions Court dismissed Plaintiff's action. Plaintiff appealed to the Trial Court. In February 2018, the Trial Court conducted a *de novo* hearing in the matter. The record lacks a transcript of that hearing or statement of the evidence.

In February 2018, the Trial Court entered its succinct final judgment, stating as follows:

> It appearing [sic] to this Honorable Court that this matter came before it for hearing on February 5, 2018. Upon completion of proof, the Court finds that the plaintiff, Robert Sawyers, is entitled to judgment in the amount of $350.00. Further the Court finds that the counter-claim filed by E&R Auto Sales, Inc. should be dismissed.

Plaintiff timely filed a notice of appeal to this Court.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

## Discussion

Plaintiff's statement of the issue presented for review is three paragraphs long. Essentially, Plaintiff contends that the Trial Court should have awarded him more money than it did. Plaintiff states in his brief, in part: "I really do feel like I should be entitled to get my money back and more for the false statements that were made in trying to keep my money with the car, and making me pay for a repossessed vehicle as through [sic] I have defaults on payments." According to Plaintiff, the Trial Court's award to him of $350.00 "does not hold E&R Auto Sales, INC accountable fully."

Plaintiff is representing himself pro se on appeal. As this Court explained in *Young v. Barrow*:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

Although we are mindful of Plaintiff's pro se status, we cannot ignore two major deficiencies in his appeal. First, the record contains neither a transcript of the trial nor a Tenn. R. App. P. 24(c) statement of the evidence. Our ability to address the issue raised by Plaintiff is severely hampered, if not completely eliminated, by the absence of either a transcript of the hearing or a Tenn. R. App. P. 24(c) statement of the evidence documenting the evidence adduced at the trial. Plaintiff, as the appellant in this case, had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Boggs v. Rhea*, 459 S.W.3d 539, 546 (Tenn. Ct. App. 2014) (quoting *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence

-3-

to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Plaintiff's issue on appeal is one that we discern to be distinctly factual in nature. While the record does contain 14 exhibits, without a transcript these exhibits are devoid of context and appellate review of the facts upon which the Trial Court reached its decision is thwarted. Under these circumstances, we are constrained to assume that the Trial Court had a sufficient factual basis for its judgment.

In addition, Plaintiff's brief fails to comply with Tenn. R. App. P. 27 in at least two major respects. Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, as relevant:

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> >
> > (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues); . . .

Tenn. R. App. P. 27(a).

Plaintiff's brief contains no citations to the record, such as it is, at all. This naturally hampers appellate review. Plaintiff's argument section states as follows:

> E&R Auto Sales, INC knowingly and intentionally deceiving me on the vehicle being repaired by Madison Muffler & Auto Repairs Shop; however, went along with the scam anyways. I am for sure if the court sees their business records at East Nashville location the court will see the volume of people they have dealt with in the same manner it is in the hundreds if not thousands. The Tennessee Consumer Protection Act of 1977 prohibits businesses from taking the advantage of disabled citizens! 47-18-104-Unfair or deceptive acts prohibited (Amended effective July 1, 2010) notes(a)(b)1,2,3,4,5,6,7,8,11,12,13,14,15,18(b)20,21,22,23,25 Title 47-2-

314; 47-18-802(b) and 55-21-102(3), in violation of the Tennessee Equal Consumer Credit Act of 1974 compiled in part 8 of this chapter (26) violating the provisions of 65-5-106(27) engaging in any other acts or practice which is deceptive to the consumer or to any other person. This type of conduct puts a great strain on me and my family financially and emotionally for 2 years without cause for being discriminated against.

While Plaintiff cites to legal authority, he does not articulate exactly how the laws he cited apply to his particular case nor does he ground his argument with appropriate references to the record. Simply listing legal authorities and making conclusory assertions is insufficient. Plaintiff fails to explain why the Trial Court erred in awarding him $350.00 and not some higher figure. We may not make his case for him, as that would prejudice Defendant and is not our role.

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have admonished repeatedly:

Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).... This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (*citing Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

We find that Plaintiff waived his issue presented for review due to his failure to comply with Tenn. R. App. P. 27. Because Plaintiff both waived his issue raised on appeal and failed to provide an appellate record containing the relevant factual evidence, we affirm the Trial Court's final judgment.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Robert Sawyers, Sr., and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE