IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2019 Session

**JENNIFER DOE v. AUSTIN DAVIS**

**Appeal from the Circuit Court for Davidson County**
**No. 16C-505     Thomas W. Brothers, Judge**

_____

**No. M2018-02001-COA-R3-CV**

_____

The plaintiff, who is now an adult, filed this action against Austin Davis seeking compensatory and punitive damages for intentional invasion of privacy and defamation. The plaintiff also sought to enjoin Mr. Davis from further intrusion into her private life by posting to social media statements regarding her childhood sexual molestation as well as the private details of her life and childhood. After two years of Mr. Davis's refusal to submit to any discovery on any subject and refusal to obey an order compelling discovery, the parties appeared before a special master for a case management conference. During this meeting, Mr. Davis unequivocally informed the Special Master that he had no intention of providing responses to any of the plaintiff's discovery. Two weeks later, Mr. Davis responded to the plaintiff's renewed motion to compel discovery by reiterating his refusal to provide responses, stating: "[T]he Defendant does not wish to provide any Discovery information to anyone voluntarily or involuntarily involved in the [sexual abuse] cover up." Mr. Davis reaffirmed this declaration in open court during the hearing on the renewed motion for sanctions. Following the hearing, the trial court granted the motion for sanctions and awarded the plaintiff a default judgment on all issues concerning liability. After a trial on the issue of damages, the jury returned a verdict awarding the plaintiff $300,000 in compensatory damages and $1,800,000 in punitive damages. The trial court adopted both awards in its final judgment, and this appeal followed. The brief filed by Mr. Davis in this appeal is profoundly deficient and fails to comply with Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee. Specifically, his Statement of the Case and Statement of Facts are littered with a series of nonsensical, illogical statements unrelated to the merits of this appeal. Moreover, the Argument section of his brief fails to set forth any contentions with respect to the issues presented, and the reasons therefore, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record as required by Rule 27(a)(7)(A) of the Tennessee Rules of Appellate Procedure. In fact, the entire Argument, which is less than one page, merely contains a restatement of the issues and the statement that Mr. Davis relies on this "court's ability to exercise '*sua sponte*' authority in the best interest of

justice, and to protect children." Based on Mr. Davis's profound failure to comply with Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee, Mr. Davis has waived his right to an appeal. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in RICHARD H. DINKINS, J., joined. ANDY D. BENNETT, J., filed a dissenting opinion.

Austin Davis, Nashville, Tennessee, pro se.

Larry Lamont Crain, Brentwood, Tennessee, and Emily A. Castro, Franklin, Tennessee, for the appellee, Jennifer Doe.

## OPINION

On February 18, 2016, Jennifer Doe[1] commenced this action against Austin Davis seeking compensatory and punitive damages and injunctive relief based on his intentional invasion of her privacy. She alleged that Mr. Davis intruded into and unreasonably publicized her private life after he learned that she had been sexually abused during her childhood. According to Ms. Doe, Mr. Davis embarked on a widespread campaign to publicly disclose the details of her sexual abuse and what he claimed were efforts by various people to conceal information about her sexual abuse.[2] Ms. Doe filed an amended complaint adding a claim for defamation on the basis that Mr. Davis's statements about the concealment of the sexual abuse were false. She subsequently filed a second amended complaint adding a demand for a jury.

Over the next year and a half, Ms. Doe attempted to obtain discovery from Mr. Davis but he repeatedly and consistently failed to respond to any discovery requests concerning any subject. On December 1, 2017, on the motion of Ms. Doe, the trial court ordered Mr. Davis to respond to discovery requests, but he refused to comply.

---

[1] An order was entered on February 25, 2016, allowing the plaintiff to use the pseudonym "Jennifer Doe."

[2] In her complaint, Ms. Doe alleged, *inter alia*, that Mr. Davis's widespread campaign included the following: (1) filing a series of lawsuits against the church both she and Mr. Davis used to attend, alleging that the church's leaders knew the identity of Ms. Doe's abuser and concealed that information; (2) sending numerous emails to people in the Nashville community in which he referenced Ms. Doe's sexual abuse and the church's alleged efforts to conceal it; and (3) sending via email and posting to social media sites various audio recordings that contained explicit reference to her by name, discussed her sexual abuse, and claimed that she complied with the church's efforts to conceal the abuse.

On January 2, 2018, Ms. Doe filed a motion for sanctions and attorney's fees pursuant to Rule 37 of the Tennessee Rules of Civil Procedure. Mr. Davis did not respond to the motion. Instead, on January 25, 2018, he filed a motion to recuse Judge Jones asserting that the judge should be disqualified because he had a child attending Montgomery Bell Academy ("MBA").[3] The following day, and apparently without knowledge that a motion for recusal had been filed, Judge Jones heard Ms. Doe's motion for sanctions.[4]

---

[3] This was Mr. Davis's second motion to recuse Judge Jones. The first was filed in February of 2016, shortly after the case was assigned to Judge Jones. The unverified motion alleged, *inter alia*:

> Defendant asserts that Judge Kelvin Jones should recuse himself from this new injunction motion and lawsuit filed by Attorney Larry Crain which is clearly intended to silence the Defendant from exercising First Amendment rights during a crucial American Presidential Election which is critically important to 319 million American citizens and seven billion people worldwide. See Exhibit 1.

> .   .   .

> Defendant asserts that Judge Kelvin Jones, during his first year in a judicial term of eight years after Judge Jones inherited three related child-molestation concealment cases from Judge Carol Soloman (Case # 13C2510 Case # 13C4281 - Case #14C2556), had numerous ample opportunities to provide judicial relief for the Defendant in these related child-molestation concealment cases brought before Judge Kelvin Jones, but Judge Kelvin Jones never demonstrated any genuine concern-for numerous children injured in this concealment effort, nor did Judge Jones demonstrate any genuine concern for any of the children placed in the known molester's 'safe house,' nor did Judge Jones demonstrate any judicial concern or any judicial corrective action to remedy the gross inequity experienced by the Defendant which occurred in multiple hearings in multiple cases, despite the fact that Judge Kelvin Jones had access to the Eighth Circuit court records and mounds of evidence presented to Judge Kelvin Jones which clearly demonstrated to hundreds, and hundreds of American citizens in Nashville and elsewhere in the country, and overseas, that Judge Carol Soloman was prejudiced against the Defendant's three lawsuits, and that Judge Carol Soloman had utterly subverted Article VI, Section 11 of the Tennessee Constitution, and also Rule 10 of the Tennessee Supreme Court Code of Judicial Conduct, and that Judge Kelvin Jones has continued the on-going destruction of legitimate causes of action with his own numerous rulings in Court.

The first recusal motion was denied by Judge Jones in an order entered on March 14, 2016, and no interlocutory appeal or appeal as of right was filed to challenge the denial of the first recusal motion.

[4] Mr. Davis does not contend that he informed Judge Jones at the hearing on the motion for sanctions that a recusal motion was pending, and there is no indication that he requested a continuance until the court ruled on the recusal motion. This is significant because a trial judge is generally unaware of the filing of a written motion until the motion is set for hearing and appears on the motion docket. Pursuant to Rule 26.05(a) of the Davidson County Local Rules of Court, a civil motion will not be docketed unless "it contains notice of a hearing date." The motion filed by Mr. Davis did not include a hearing date. If no hearing date is requested upon the filing of the motion, either party may file a notice of hearing. *Id*. Neither party filed a notice of a hearing date. Thus, Judge Jones was likely unaware that the recusal

On February 2, 2018, the trial court entered an order granting Ms. Doe's motion for sanctions and ordering Mr. Davis to pay her attorney's fees in the amount of $1,000. On the same day, Mr. Davis filed another motion to recuse Judge Jones asserting the same basis for disqualification that he asserted in his second motion for recusal.[5] Five days later, on February 7, 2018, Judge Jones entered an order stating: "This Court hereby recuses itself from the above-styled matter." Judge Thomas Brothers was assigned to hear the case on February 28, 2018.[6]

Notwithstanding the trial court's sanction, Mr. Davis continued in his refusal to respond to discovery requests and, on August 31, 2018, Ms. Doe filed a renewed motion to compel discovery and for sanctions pursuant to Rule 37 of the Tennessee Rules of Civil Procedure. On September 24, 2018, Judge Brothers entered an order, making the following pertinent findings of fact:

> 2. The Defendant failed to abide by the Order entered by Judge Kelvin Jones, and on January 2, 2018, the Plaintiff filed a Motion for Sanctions in the Eighth Circuit Court. This motion was subsequently granted, and on February 2, 2018, Judge Kelvin Jones entered an Order imposing sanctions against the Defendant Austin Davis and ordering him to pay attorney's fees to the Plaintiff in the amount of $1,000.00.

motion was pending when the sanctions motion was heard.

[5] As indicated in footnote 4, Judge Jones was apparently unaware that a recusal motion was pending. Nevertheless, if Mr. Davis contends it was error for Judge Jones to have ruled on the motion for sanctions, then Mr. Davis must properly raise the issue. *See* Tenn. R. App. P. 27(a)(4). In addition to expressly identifying it as an issue on appeal, to properly challenge the alleged error, Mr. Davis had the responsibility under Rule 6(a)(2) of the Rules of the Court of Appeals of Tennessee to include in his brief "[a] statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded." He did neither.

[6] Mr. Davis filed a motion to recuse Judge Brothers on April 3, 2018, asserting that the trial judge should be disqualified because, among other things, Judge Brothers graduated from MBA. Judge Brothers denied the motion on April 6, 2018, stating that there was no reasonable basis for questioning the court's impartiality because Ms. Doe's cause of action stemmed from Mr. Davis's tortious conduct, which was unconnected to his lawsuits involving MBA. Mr. Davis subsequently filed a second motion to recuse Judge Brothers asserting that he should recuse himself because a Davidson County criminal court had entered an order placing Mr. Davis on supervised probation with a specific condition that he have no contact with MBA staff, faculty, and "any person that has contact with M.B.A." Judge Brothers denied the motion on August 10, 2018, stating that while he did attend MBA, he "does not fit into any of the categories of person [the criminal court's] order requires [Mr. Davis] to not have contact with. Therefore, the Court finds [Mr. Davis] appearing before this Court does not violate his probation." The probation referred to above arose from a judgment in case number 2017-A-62 in the Criminal Court for Davidson County, Tennessee wherein Mr. Davis was found guilty of the offense of Aggravated Criminal Trespass, a Class A Misdemeanor. The judgment was entered on September 17, 2017.

3. On August 13, 2018, the parties appeared before Special Master Marsh Nichols for a Case Management Conference. During this conference, Special Master Nichols asked the Defendant whether he intended to respond to the Plaintiff's outstanding written discovery requests that were served on July 1, 2017. The Defendant responded "No", and that he had no intention of providing responses to the requested discovery.

4. On August 31, 2018, the Plaintiff filed a Renewed Motion to Compel and for Sanctions pursuant to Rule 37 Tenn. R. Civ. P. requesting that this Court . . . enter a default judgment based on the Defendant's stated intention at the Case Management Conference not to respond to the Plaintiff's written discovery. In his response to the Plaintiff's motion, the Defendant reiterated his refusal to provide responses to Plaintiff's written discovery and stated: "[T]he Defendant does not wish to provide any Discovery information to anyone voluntarily or involuntarily involved in the [sexual abuse] cover up. . . ."

5. During the hearing before this Court on September 21, 2018, the Defendant announced in open court in response to a question from the Court, that he stood by his position as stated in his written response filed in opposition to the Plaintiff's Renewed Motion to Compel and for Sanctions.

6. The Court finds that there has been a clear record of delay and contumacious conduct on the part of the Defendant in failing to obey previous orders of the Circuit Court with regard to discovery, and that the Defendant has intentionally failed to cooperate in discovery after having been warned several times of the possible severe consequences for failing to so cooperate in discovery. In light of the Defendant's clear and unequivocal statements during the Case Management Conference and in his recent response to Plaintiff's renewed motion for sanctions affirming once again his refusal to provide responses to the Plaintiff's written discovery, the Court finds that the Court's previous award of attorney's fees has been an insufficient deterrent, and that the Defendant has continued steadfast in a course of contumacious conduct.

Based on the above findings, the trial court granted the motion and awarded Ms. Doe a default judgment "as to all issues pertaining to liability." That same day, the trial court also entered a permanent injunction prohibiting Mr. Davis "from posting through any Internet-based form of communication, including any type of social media, electronic mail, text or written communication" any reference to Ms. Doe or her childhood sexual abuse.

The trial court conducted a jury trial on the issue of damages on September 24, 2018. At the conclusion of the trial, the six-person jury rendered a verdict awarding Ms. Doe $300,000 in compensatory damages and responded affirmatively to the jury interrogatory that she was entitled to punitive damages. Following a bifurcated hearing

on September 26, 2018, the jury returned a verdict awarding Ms. Doe $1,800,000 in punitive damages. The trial court adopted these jury awards in its final judgment entered on October 3, 2018. This appeal followed.

The issues as stated by Mr. Davis read as follows:

> Is it legal to cover-up a federal crime in a Tennessee Court?
> Did courts err in denying numerous recusal requests?
> Did courts err in granting sanctions and a default judgment to the appellee?
> Did the trial court err in allowing Rebecca Barber to be a Member of the Six-person Jury where she served as jury foreperson?
> Do Tennessee courts reward Fraud to protect "Private" child sex abuse and the federal violation of the White-Slave Traffic Act (Mann Act) which has no statute of limitations?

For her part, Ms. Doe contends that Mr. Davis "has waived challenging any of the issues he is claiming, and as a result [his] appeal should be dismissed" because he failed to properly brief the issues. Specifically, she contends this appeal should be dismissed because Mr. Davis's brief failed to comply with Rule 27(a) of the Tennessee Rules of Appellate Procedure and Rule 6 of the Court of Appeals of Tennessee.

## ANALYSIS

### I.     PRO SE LITIGANTS

Although Mr. Davis has been represented by counsel in several appeals to this court in recent years, he now appears before this court as a pro se litigant and sets forth the following request in his brief:

> Pro Se Appellant humbly acknowledges he is ignorant, unskilled, untrained in the law, and no match for a professional attorney like Larry Crain. Pro Se Appellant humbly relies upon the Middle Tennessee Appellant Court's ability to exercise "*sua sponte*" authority in the best interest of justice, and to protect children.

The rights and responsibilities of pro se litigants have been addressed on numerous occasions by this court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary.

- 6 -

Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (internal citations omitted); *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Consequently, a pro se litigant should not "be permitted to shift the burden of the litigation to the courts or to their adversaries." *Young*, 130 S.W.3d at 63. Further, a pro se litigant must comply with the same rules that lawyers must observe. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014).

## II. WAIVER OF APPELLATE REVIEW

As Ms. Doe correctly states in her brief, Mr. Davis's appellate brief fails to comply with the most fundamental of appellate rules of practice and specifically Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals of Tennessee.

"Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by [Tenn. R. App. P.] 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (listing cases). All filers, including pro se filers, must comply with Rule 27's basic requirements. *See Murray*, 457 S.W.3d at 404. Further, **a pro se filer's failure "to comply in any significant way with Tenn. R. App. P. 27" results in waiver on appeal**. *Id*. (emphasis added).

Rule 27 of the Tennessee Rules of Appellate Procedure states in pertinent part:

(a)  Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

.    .    .

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with

- 7 -

respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8)  A short conclusion, stating the precise relief sought.

Similarly, Rule 6 of the Rules of the Court of Appeals of Tennessee provides in pertinent part:

(a)  Written argument in regard to each issue on appeal shall contain:

  (1)  A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

  (2)  A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

  (3)  A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

  (4)  A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)  No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

The "Statement of the Issues Presented for Review" by Mr. Davis is the only section of his brief in which he complied with Rule 27 of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Court of Appeals of Tennessee.

Beyond this one exception, his brief fails to comply with the basic requirements of the Rules of Appellate Procedure and the Rules of the Court of Appeals because it lacks a proper statement of the case, statement of facts, and argument. *See* Tenn. R. App. P. 27(a)(5)–(7). In fact, the brief not only fails to set forth a proper argument, it fails to set forth any argument as required by Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure.

Although our rules do not call for a section titled "Citations to the Record," Mr. Davis provided one, even though what is stated therein has nothing to do with the claims, issues, or facts that are relevant or material to this appeal. The section reads in its entirety as follows:

> The entire case record is adopted as evidence of a complex, elaborate **fraud** effort to conceal and protect the Federal violation of the White-Slave Traffic Act (Mann Act) which has no statute of limitations. Pro Se Defendant cited "Record of Proceedings" video tape record best as he could, but important sworn testimony from a written transcript would have been easier to cite. Pro Se Defendant also cites post-judgment information should the Middle Tennessee Appellate Court choose to allow the post-judgment information. Pro Se Appellant is accustomed to having all of Appellant's evidence stricken from the record, so Appellant doesn't expect the Court to review any of the Appellant's evidence in this brief, or in the post-judgment motion. Child sex abuse victim advocates outside of Tennessee, including one major source for a recent Houston Chronicle story on 700 Baptist child sex abuse cases, are concerned about the permanent injunction imposed upon the Appellant, and concerned about child sex abuse becoming a "private" matter between adult sex predators and pre-teen sleeping children. Pro Se Appellant remains in submission to the permanent injunction and prays the Court will carefully review the video testimony, audio recordings, sworn deposition, sworn statements, interrogatories, police reports, recusal requests and other important information included in the Appellant's brief since a violation and cover-up of the Federal [Mann] Act is still on-going before the Middle Tennessee Appellate Court with no fear of Federal Law or any consequences. Appellant prays the Court will exercise "sua sponte" authority in the best interest of justice, the best interest of children, and the best interest of the Tennessee Grand Jury System. Mann Act — 18 U.S.C. § 2423 - 18 U.S.C. § 3283 — Offense against children.

(Emphasis in original).

The Statement of the Case and the Statement of Facts in Mr. Davis's brief are profoundly deficient because the vast majority of what is set forth has little to do with

Ms. Doe's claim of intentional invasion of privacy and defamation or the issues identified by Mr. Davis in his brief. For example, the Statement of the Case includes the following irrelevant and immaterial information:

> This is a complex, elaborate child sex abuse cover-up case which initially began in 2000-2002 without the participation and support of the Appellee who turned 18 on [month and day] 2007. Volume 1 Pages 53-61.

> Appellee's Mother was represented and employed by divorce attorney, Worrick Robinson, who worked with Nashville Police, Covenant Clerk of Session Scott Troxel, Covenant Presbyterian Church Leadership, the Nashville Presbytery, and the Presbyterian Church in America, to suppress restrict Appellant's 1st, 4th and 8111 Amendment freedom on July 2, 2008, via the perpetual force of the harassment-stalker law. Volume 1 Pages 53-72 - Tennessee Code 39-17-315 - 18 U.S.C. § 241 - Conspiracy Against Rights.

> With the abusive power of a misused harassment-stalker law and a "false report" to Nashville Police, Nashville police intimidated and silenced the Appellant from asking reasonable questions about the safety and welfare of other children placed in the [names redacted] "safe house:" Volume 1 Pages 53-72 - Tennessee Code 39-16-502 - 18 U.S.C. § 241 - Conspiracy Against Rights.

.  .  .

> Appellee's attendance at a malicious criminal prosecution of the Appellant on September 11, 2017, is also a major concern. Appellant recently discovered new information about two possibly rigged grand juries who indicted the Appellant after ex-Judge Casey Moreland bound the Appellant over to a secret grand jury, which included a grand juror named Solomon Holley. Additionally, information on Steve McNair's possibly rigged grand jury, and ex-Judge Casey Moreland, is also included in the exhibit. Post Judgment Motion Ex 1.

Thus, Mr. Davis failed to comply with the requirements of Rule 27(a)(6) of the Tennessee Rules of Appellate Procedure for a Statement of the Case, and the failure to do so provides a sufficient basis to dismiss the appeal. *See Bean*, 40 S.W.3d at 55; *see also Lucas v. Lucas*, No. 03A01-707-CV-00298, 1998 WL 136553, at *1 (Tenn. Ct. App. Mar. 27, 1998).

Finally, the most egregious deficiency is the Argument. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure directs the appellant to set forth in his argument:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

Mr. Davis's Rule 27(a)(7) argument fails to comply with any of these requirements. The entire Argument set forth by Mr. Davis is limited to a restatement of the issues he raised and a request for the court to come to his rescue by exercising its "*sua sponte*" authority "in the best interest of justice, and to protect children." The Argument set forth by Mr. Davis reads, in its entirety, as follows:

> Is it legal to cover-up a federal crime in a Tennessee Court?
>
> Did courts err in denying numerous recusal requests?
>
> Did courts err in granting sanctions and a default judgment to the appellee?
>
> Did the trial court err in allowing Rebecca Barber to be a Member of the Six-person Jury where she served as jury foreperson?
>
> Do Tennessee courts reward Fraud to protect "Private" child sex abuse and the federal violation of the White-Slave Traffic Act (Mann Act) which has no statute of limitations?
>
> Pro Se Appellant humbly acknowledges he is ignorant, unskilled, untrained in the law, and no match for a professional attorney like Larry Crain. Pro Se Appellant humbly relies upon the Middle Tennessee Appellate Court's ability to exercise "*sua sponte*" authority in the best interest of justice, and to protect children.

(Emphasis in original).

As is readily apparent, Mr. Davis failed to present a cogent argument setting forth his contentions, reasoning, or the applicable standard of review. *See* Tenn. R. App. P, 27(a)(7). Even more obvious, his argument contains no citation of legal authority or citations to the record. *See* Tenn. R. App. P, 27(a)(7)(A). Simply put, Mr. Davis's argument is so severely deficient it fails to comply with any aspect of Rule 27(a)(7).

Our courts have routinely held that **an issue is waived when it is "simply raised without any argument regarding its merits.**" *Bean*, 40 S.W.3d at 56 (citing *Blair v. Badenhope*, 940 S.W.2d 575, 576–77 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988)) (emphasis added). As this court more recently explained in *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009):

> **Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]**." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id.* at 56; *see also Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. **It is not the function of this Court to** . . . **research and construct the party's argument**. *Bean*, 40 S.W.3d at 56.

(Emphasis added).

Our Supreme Court "has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54–55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Accordingly, based upon the foregoing legal principles, the profound deficiencies in the brief, and the failure to comply with Rule 27(a)(5)–(7) of the Tennessee Rules of Appellate Procedure, as well as Rule 6 of the Rules of the Court of Appeals of Tennessee, Mr. Davis has waived his right to an appeal as to any issue. Therefore, the appeal is dismissed.

## CONCLUSION

The appeal is dismissed for the foregoing reasons and costs of appeal are assessed against the appellant, Austin Davis, for which execution may issue if necessary.

_____
FRANK G. CLEMENT, JR., JUDGE