IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 1, 2020

## REX ALLEN MOORE v. SILVIA HILL

**Appeal from the Circuit Court for Knox County**
**No. 1-236-17      Kristi M. Davis, Judge**

_____

### No. E2019-01692-COA-R3-CV

_____

This appeal concerns a dispute between a landlord and her former tenant. Rex Allen Moore ("Plaintiff"), the former tenant, filed suit against Sylvia Hill[1] ("Defendant") in the General Sessions Court for Knox County ("the General Sessions Court") for violation of the Uniform Residential Landlord and Tenant Act ("the URLTA"). Plaintiff obtained a judgment in his favor, which Defendant appealed to the Circuit Court for Knox County ("the Circuit Court"). There, Plaintiff filed a complaint against Defendant, and Defendant filed a counterclaim against Plaintiff. At trial, Plaintiff asked for a continuance, which was denied. The Circuit Court ruled against Plaintiff and in favor of Defendant on her counterclaim. Plaintiff appeals. Plaintiff's brief severely fails to comply with Tenn. R. App. P. 27. We find, therefore, that Plaintiff has waived whatever issues he has attempted to raise on appeal. We affirm the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Rex Allen Moore, pro se appellant.

Gena Lewis, Knoxville, Tennessee, for the appellee, Sylvia Hill.

_____

[1] While Defendant's first name is spelled "Silvia" in the style of the case as reflected in our records, Defendant spells her first name "Sylvia" in her brief.

# MEMORANDUM OPINION[2]

## Background

This lawsuit began in 2017 when Plaintiff, a former tenant of Defendant's, sued Defendant in the General Sessions Court for violation of the URLTA. Defendant put up no legal resistance in the General Sessions Court, opting instead to accept a judgment against her and appeal it to the Circuit Court for trial de novo. Judgment was entered for Plaintiff, and Defendant duly appealed. In the Circuit Court, Plaintiff filed a verified complaint against Defendant. Defendant filed a counterclaim against Plaintiff.

Early on, Plaintiff was represented by attorneys from the University of Tennessee Legal Clinic. However, in November 2018, the attorneys filed a motion to withdraw, citing Plaintiff's failure to show up for requested interviews. In December 2018, the Circuit Court entered an order granting the attorneys' motion. The Circuit Court gave Plaintiff thirty days in which to obtain new counsel.

The case was set for May 1, 2019. Defendant was present and ready to move forward. Plaintiff appeared and requested a continuance, which was denied. In its May 2019 order, the Circuit Court explained its denial of Plaintiff's request for a continuance:

> The plaintiff appeared but announced that he was not ready to proceed. He stated that a death in his immediate family two weeks ago prevented him from responding to the requests to admit. He also stated that he had just hired an attorney but that the attorney could not be present at the hearing. The Court notes that no notice of appearance of counsel is in the file. The plaintiff requested a continuance.
>
> The Court finds that a continuance is not justified in this case. This matter has been pending for nearly two years. While the Court is sympathetic to the fact that the plaintiff had a recent death in his family, the plaintiff has known for over four months that he needed to find another attorney if he did not intend to proceed *pro se*. In addition, the requests for admission have been pending since March 26.

---

[2] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

As to the merits of the case, the Circuit Court ruled in favor of Defendant. The Circuit Court found, as pertinent:

> The Court finds that the requests for admission are deemed admitted and, accordingly, the Court finds that the plaintiff has not established his claim for violation of the URLTA. Specifically, the admissions establish that: (1) the plaintiff did not provide written notice of the alleged defects in the property until February 3, 2017; (2) the plaintiff inspected the property in 2010 and agreed that there were no deficiencies or inadequacies in the property; (3) the defendant offered to install central heating and air conditioning, but the plaintiff declined due to the required increase in rent; and (4) any deficiencies with the property after 2010 were caused by the plaintiff.
>
> With respect to the defendant's counter-claim, the requests for admission establish the following: (1) the defendant vandalized the property; (2) the defendant damaged the wiring and electrical system; (3) the defendant broke light coverings, removed outlet covers, broke interior doors, kicked in the back door, tore the door off the stove, stole the refrigerator, stole the interior doorknobs, wrote graffiti on the walls, stored tires inside and outside of the property, broke windows, and generally failed to take care of the property.

The matter was then set for a writ of inquiry on damages. In August 2019, the Circuit Court entered its final judgment. The Circuit Court noted that Plaintiff had called the clerk's office while this hearing was underway to request a delay. Plaintiff's request was denied because "this matter had been previously re-set several times at Plaintiff/Counter-Defendant's request." The Circuit Court awarded Defendant a total monetary judgment of $18,999.75 and granted Defendant permanent injunctive relief against Plaintiff. Plaintiff timely appealed to this Court. Plaintiff also filed a purported "statement of evidence."

## Discussion

Plaintiff, pro se on appeal, does not raise any comprehensible issues in his two-page brief. Plaintiff writes, in part: "Nature of proceeding for review U.S. state 5th or 8th constitutional due-process to the attached city code housing rule violation/cruel and unusual punishment violation/Exhibit B. against petitioner Plaintiff – protected under the U.S. A.D.A. medical mental health ill persons ignorance of the required city code inforcement [sic] re[g]ulation…."

-3-

We are mindful that Plaintiff is pro se and have tried to give him the benefit of the doubt. Nevertheless, even pro se litigants must follow the applicable rules. Regarding the responsibilities of pro se litigants, this Court has discussed as follows:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, as relevant:

> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> ***
>
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities

and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Plaintiff's woefully deficient brief fails to comply in any meaningful way with Tenn. R. App. P. 27. A party's failure to comply with the appellate brief requirements set out in Tenn. R. App. P. 27 can have serious consequences, as we have warned in the past:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).... This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc., [sic] v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

In addition, Plaintiff has filed two motions asking this Court to consider what he calls "newly discovered information." The evidence Plaintiff wants us to consider consists of plumbing invoices from over the years addressed to Defendant regarding the residence Plaintiff rented from her. It is unclear how these invoices are supposed to assist Plaintiff. In any event, subject to exceptions not present here, we will not consider evidence presented for the first time on appeal. "We may not act as a fact finding court, ... or consider evidence that was not heard by the trial court." *Nicholson v. Nicholson*, No. M2008-00006-COA-R3-CV, 2009 WL 3518172, at *7 (Tenn. Ct. App. Oct. 29, 2009), *no appl. perm. appeal filed* (citations omitted). This Court reviews for error; we do not conduct new trials. Plaintiff's motions are denied.

Plaintiff's failure to comply in any meaningful way with Tenn. R. App. P. 27 makes it impossible for us to conduct any realistic review of the Circuit Court's judgment without serving in effect as Plaintiff's attorney, a role we cannot assume. Therefore, we find and hold that Plaintiff has waived any issues he may have attempted to raise on appeal. We affirm the Circuit Court.

## **Conclusion**

The judgment of the Circuit Court is affirmed, and this cause is remanded to the Circuit Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Rex Allen Moore, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE