IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

October 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ARTHUR BLAIR, | ) | C/A NO. 03A01-9604-CH-00128 |
| | ) | |
| Petitioner-Appellant, | ) | GREENE CHANCERY |
| | ) | |
| v. | ) | HON. DENNIS H. INMAN, |
| | ) | CHANCELLOR |
| MARILYN BADENHOPE, | ) | |
| | ) | AFFIRMED AND |
| Respondent-Appellee. | ) | REMANDED |

CHARLES G. CURRER, Knoxville, for Petitioner-Appellant.

JOHN T. MILBURN ROGERS, ROGERS, LAUGHLIN, NUNNALLY, HOOD & CRUM, Greeneville, for Respondent-Appellee.

# O P I N I O N

Franks. J.

Joy Badenhope is the child of Susan Badenhope and Arthur Blair. Susan Badenhope, a resident of North Carolina, died when the child was less than one year old. After her death, Joy began residing with her maternal grandmother, Marilyn Badenhope, in Tennessee. The grandmother was granted custody by a North Carolina court in an action for custody she filed some two months after the mother's death. The father soon thereafter moved to Tennessee and filed an action in

Tennessee to increase visitation and attain custody.

The Chancellor held that there had been an insufficient change of circumstances to merit a change of custody and he refused to alter visitation.

The father cites cases showing that under recent court decisions in this jurisdiction, biological parents are given preference over non-parents in matters of custody, and argues that Tennessee should not follow the North Carolina decision as to custody of his daughter.

Tennessee is required to recognize and enforce the custody decree of a sister state. T.C.A. § 36-6-214[1]. North Carolina was the home state of Joy Badenhope and Arthur Blair. The North Carolina Court had subject matter and personal jurisdiction over the parties.

It should be noted that this is not an initial decision determining who is granted custody under Tennessee law. Therefore the question is, has there been a material change of circumstances sufficient to alter the North Carolina award of custody? *Matter of Parsons*, 914 S.W.2d 889, 893 (Tenn. App. 1995). The burden is on the non-custodial parent to prove changed circumstances. *Musselman v. Acuff*, 826 S.W.2d 920 (Tenn. App. 1991).

The only ?material change? cited in the body of the

---

[1] T.C.A. § 36-6-214 is the Tennessee Uniform Child Custody Jurisdiction Act. It reads:

**Recognition and enforcement of foreign decreed.** - The Courts of this state shall recognize and enforce an initial or modification decree of a Court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this part or which was made under factual circumstances meeting the jurisdictional standards of the part, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this part.

2

father's brief is that ?Arthur Blair and Joy have built a relationship of love and trust?.

We review the Trial Court's decision de novo upon the record with a presumption of correctness. T.R.A.P. Rule 13(d). The Trial Court was not persuaded that there had been a change of circumstance sufficiient to alter custody.

?Changed circumstances? includes any material change of circumstances affecting the welfare of the child, including new factors or changed conditions which could not be anticipated by the custody order. *Dalton v. Dalton*, 858 S.W.2d 324 (Tenn. App. 1993). We conclude from our review of the record that the evidence does not preponderate against the Trial Court's finding of no material change. The evidence that the child has grown closer to her father and step-mother is a circumstance that is hoped for in granting regular visitation, not an unexpected circumstance. We affirm the judgment of the Trial Court.

The father raises the issue ?did the Chancellor err in declining to increase appellant's visitation?? The issue is raised in the section titled ?Issues Presented on Appeal.? However, it is not discussed in the brief. When a party fails to brief an issue, the issue is waived. T.R.A.P. 27; *Taylor v. State*, 875 S.W.2d 684 (Tenn. Crim. App. 1993).

We affirm the judgment of the Trial Court at appellant's cost, and remand.

_____

3

Herschel P. Franks, J.

CONCUR:

_____
Houston M Goddard, P.J.

_____
Don T. McMurray, J.

4