# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 8, 2016 Session

## NORMAN C. REECE, II v. JENNIFER LOUISE REECE

**Appeal from the Circuit Court for Johnson County**
**No. X3488     Thomas J. Seeley, Jr., Judge**

_____

### No. E2015-01610-COA-R3-CV – Filed July 22, 2016

_____

In this post-divorce action, Norman C. Reece, II ("Father") appeals the June 9, 2015 order of the Circuit Court for Johnson County ("the Trial Court") which, *inter alia* dismissed Father's motion for contempt against Jennifer Louise Reece ("Mother") and adjusted visitation with, and support for, the parties' minor children. Father's brief on appeal severely fails to comply with Tenn. R. App. P. 27. We, therefore, find that Father has waived his issues on appeal. Furthermore, the record on appeal contains no transcript and Father's statement of the evidence contains nothing whatsoever to show what evidence was heard by the Trial Court. As such, the record presented to this Court precludes meaningful review of the issues on appeal. Given all this, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and ANDY D. BENNETT, JJ., joined.

Perry L. Stout, Mountain City, Tennessee, for the appellant, Norman C. Reece, II.

Jennifer Louise Reece, Raleigh, North Carolina, pro se appellee.

# MEMORANDUM OPINION[1]

Father and Mother were divorced in 2013.[2]  In December of 2014, Father filed a Motion to Modify Child Support and Contempt.  After a hearing on Father's motion, the Trial Court entered its order on June 9, 2015 finding and holding, *inter alia*:

> This cause came before the Court upon motions for contempt and modification of existing custody / visitation orders.  The parties divorced in Tennessee.  However, mother and the parties' children now live in North Carolina.  Father remains in Tennessee.  From the testimony of the parties, the Court FINDS and HOLDS as follows:
>
> 1)  The motion for contempt is DISMISSED;
>
> * * *
>
> 3)  Based upon Mother having the child 254 days and Father 111 days, and Father's monthly income of $1,666 and Mother's monthly income of $1,548.00 and daycare expenses averaging $144.38 per month, the child support owed by Father is $440.00 per month, due in full by the 20th day of each month;

Father appeals to this Court.  In his brief on appeal, Father states his issues as:

> Whether the Circuit Court erred in not finding Jennifer L. Reece in contempt because it was overly invested in its original opinion?  Whether the Circuit Court erred by taking away parenting days from Norman C. Reece, II, which he had mediated for, because of its anger toward his counsel regarding the final order?  Whether the Circuit Court erred in not setting aside even part of the final order, with clear evidence to do so in the record?

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] The parties' divorce trial occurred in August of 2013.  We are unsure of exactly when the parties' divorce decree was entered as the divorce decree was not provided in the record on appeal.

Father's brief on appeal severely fails to comply with Tenn. R. App. P. 27. Rule 27 of the Tennessee Rules of Appellate Procedure specifies that an appellant's brief must contain, *inter alia*:

> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> * * *
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

Tenn. R. App. P. 27(a).

A party's failure to comply with the appellate brief requirements set forth in Tenn. R. App. P. 27 can have serious consequences, as we have warned repeatedly:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988). . . . This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc.,* [sic] *v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000).

Father's principal brief on appeal contains no table of authorities. This lack of a table of authorities, however, is not all that surprising as the brief fails to cite *any* legal

3

authority whatsoever. Father's principal brief also fails to provide any citations to the record where alleged error may have occurred.

Father's reply brief on appeal also fails to contain a table of authorities. Father's reply brief does contain two citations to the transcript of the 2013 divorce trial, but no citations to the record of the hearing on the motion for contempt and to modify child support. It is the Trial Court's order on the motion for contempt and to modify child support that is at issue in this appeal, not the divorce decree, which became final several years ago. As in Father's principal brief, his reply brief contains not even one citation to any legal authority.

Father failed to comply in any significant way with Tenn. R. App. P. 27, and this failure makes it impossible for this Court to conduct any realistic review of the Trial Court's judgment. As such, we find and hold that Father has waived any issues he may have attempted to raise on appeal.

Furthermore, we note that the record on appeal contains no transcript of the hearing on Father's Motion to Modify Child Support and Contempt. Father provided a document titled "Statement of the Evidence," but this document contains no evidence whatsoever from the hearing on Father's Motion to Modify Child Support and Contempt. In fact, this "Statement of the Evidence" contains no evidence whatsoever.

Our ability to address the issues raised by Father is severely hampered, if not completely eliminated, by the absence of either a transcript of the hearing with regard to these issues or a Tenn. R. App. P. 24(c) statement of the evidence documenting the evidence adduced at the hearing on the relevant motion. The Trial Court stated in its June 9, 2015 order that it had heard and considered "the testimony of the parties," among other things when deciding the issues. Father, as the appellant in this case, had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Boggs v. Rhea*, 459 S.W.3d 539, 546 (Tenn. Ct. App. 2014) (quoting *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)). "This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Because Father waived his issues due to his failure to comply with Tenn. R. App. P. 27, and furthermore, because Father failed to provide an appellate record containing the relevant facts, we affirm the Trial Court's June 9, 2015 order.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed against the appellant, Norman C. Reece, II.


_____
D. MICHAEL SWINEY, CHIEF JUDGE