FILED

09/15/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 1, 2017

## KEVIN J. MAMON v. GEICO INDEMNITY INSURANCE COMPANY, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 12C4564     Hamilton V. Gayden, Jr., Judge**

_____

### No. M2016-01145-COA-R3-CV

_____

Plaintiff appeals the dismissal of his claims against all three defendants and the award of $400 to defendant Master Muffler on its counterclaim following a bench trial. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and BRANDON O. GIBSON, JJ., joined.

Kevin J. Mamon, Michigan City, Indiana, pro se.

Joshua G. Offutt and Jennifer P. Ogletree, Nashville, Tennessee, for the appellee, Master Muffler.

### MEMORANDUM OPINION[1]

Kevin Mamon ("Plaintiff") commenced this action on November 8, 2012, seeking damages for a personal injury and breach of contract. The named defendants were Geico

_____

[1] Rule 10 of the Tennessee Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," and shall not be cited or relied on for any reason in any unrelated case.

Indemnity Insurance Company ("Geico"), Master Muffler, and Sam Owens, the owner of Master Muffler.

Plaintiff engaged Master Muffler in April 2012 to replace the engine in a 1998 Jeep Grand Cherokee and contends that an agreement was reached between his automobile insurer, Geico, and Master Muffler pursuant to which Master Muffler would service the Jeep and Geico would pay Master Muffler $1,900 for the work. Master Muffler insists Geico never agreed to pay for the radiator; rather, Plaintiff agreed to pay for the service to the radiator. Master Muffler acknowledges that it received payment from Geico to replace the engine.

Plaintiff also alleged that he had to call Master Muffler daily to inquire as to the status of the work. When Master Muffler completed the work, it refused to release the Jeep claiming that Plaintiff still owed $400 for the radiator. A few days later, Master Muffler realized that the Jeep was missing and notified Plaintiff that it had been stolen; however, it was subsequently determined that Plaintiff used his spare key to remove the vehicle from Master Muffler's premises without the knowledge or consent of Master Muffler.[2]

Plaintiff commenced this action on November 8, 2012. After a very lengthy and onerous procedural history, which was principally due to Plaintiff's acts and omissions, the case was tried on May 4, 2016, and, not unlike many of the prior hearings, Plaintiff failed to attend. At the conclusion of the trial, the court entered a thorough order in which it recited the procedural history and factual background, its findings of fact, analysis, and conclusion. In pertinent part the court held:

> This Court finds that pursuant to its Order dated November 23, 2015, this matter was set for a two-day jury trial to begin on April 11, 2016. Despite the plaintiff being incarcerated, this Court afforded the plaintiff the right to appear at the trial via telephone and/or video/Skype. Since the entry of that Order, this Court has heard nothing from the plaintiff nor did the Court receive any request from the plaintiff to appear for the trial by any other electronic device. The plaintiff was previously instructed by this Court in its Order dated January 9, 2015 to provide the Court and defense counsel of his physical location and a mailing address and upon any change in his physical location, and/or "mailing address" to notify the Court and defense counsel within 30 days. This Court notified the plaintiff that his failure to do so would be grounds to dismiss the plaintiff's case with

---

[2] Sam Owens testified at trial that the last time he heard from Plaintiff was when Plaintiff called him and stated, while laughing, "Well, I guess we know who won," apparently referring to having removed his Jeep from Master Muffler's lot.

prejudice. This Court has received no such notification from the plaintiff of any change of address, and as such, assumes the plaintiff has had no change of address.

Therefore, due to the plaintiff's failure to appear for the set trial after receiving proper notification or otherwise notifying the Court of his request to appear for the trial by any electronic device, the Court will dismiss this cause for the plaintiff's failure to prosecute. The Court finds that the plaintiff's pauper's oath does not permit the plaintiff to flaunt the orders of this Court and fail to even contact the Court prior to this hearing.

This Court further dismisses this action on the merits. This Court finds that the plaintiff's claims against Master Muffler in his Amended Complaint are those of conversion of a vehicle. This Court further finds that the plaintiff cannot maintain an action for conversion of a vehicle of which he cannot provide proof of ownership. Additionally, this Court finds that, pursuant to a letter from the plaintiff dated January 30, 2015 (Exhibit A), the plaintiff cannot maintain a claim for conversion as a matter of law for a vehicle the plaintiff unlawfully took from Master Muffler's property. Lastly, any personal injury claims of the plaintiff were previously dismissed pursuant to this Court's Order dated November 14, 2014.

This Court further finds that Defendants Geico Auto Insurance and Sam Owens were never properly served for purposes of service of process, and are therefore, not proper parties to this action. As such, any claims against Defendant Geico Auto Insurance and Sam Owens are HEREBY dismissed with prejudice.

The Court further grants Defendant Master Muffler's counter-claim of $400, the cost of the repair to the plaintiff's radiator performed by Master Muffler.

This appeal followed.

### ANALYSIS

We have determined that a thorough analysis is not necessary or justified due to Plaintiff's profound failure to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals.[3] His entire Argument appears on one page and it reads as follows:

---

[3] We have taken into account the fact Plaintiff is proceeding pro se in this appeal and that courts

(continued…)

**Argument**

**The Plaintiff is entitled to a default judgment against the Defendants where the record demonstrates a substantial lapse in time on response to the Amended Complaint; and an asserted counterclaim is therefore without merit.**

Because the Defendants have failed to file a timely or meritorious defense to this lawsuit and otherwise manipulated the proceedings to obtain judgment in their favor, a manifest injustice has occurred which warrants appellate review (R§148). A court may infer that a default is willful if a defendant displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA v. Childress*, 663 F. 3d 832, 841 (6th Cir. 2011). In delaying their Answer, the Defendants were able to create a counterclaim based on the same set of facts that the Plaintiff originally presented to the Court (R§357).

**THIS COURT SHOULD REVERSE THE ORDER OF DISMISSAL WITH PREJUDICE.**

The court may extend the time to file an Answer on motion made after the time has expired if the party failed to act because of excusable neglect. Cf. *Nafziger v. McDermott Int'l, Inc.*, 467 F. 3d 514, 522 (6th Cir. 2006). *See also*, Tenn. R. Civ. P. 6.

**<u>Conclusion</u>**

For all of the foregoing reasons, the Appellant respectfully requests that this Court reverse and remand the Order of the trial court for further proceedings; and for all other relief as is just and proper in the premises.

---

should take into account that most pro se litigants have no legal training and little familiarity with the judicial system. *See Garrard v. Tenn. Dep't of Corr.*, No. M2013-01525-COA-R3-CV, 2014 WL 1887298, at *3 (Tenn. Ct. App. May 8, 2014). Therefore, we afford pro se litigants who are untrained in the law some leeway. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). While a party who represents himself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker*, 32 S.W.3d at 227. Instead, they are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat. Bank Assoc., et al.*, 387 S.W. 3d 559, 563 (Tenn. Ct. App. 2012).

But for Plaintiff also identifying three issues for us to consider, the foregoing represents the entirety of Plaintiff's brief.[4] To make a bad situation worse, Plaintiff's brief only addresses one of the issues, and it does so in a woefully inadequate manner. Moreover, his brief fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Court of Appeals.

"Plaintiff's failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citing *Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993); *Lucas v. Lucas*, No. 03A01-9707-CV-00298, 1998 WL 136553, at *1 (Tenn. Ct. App. March 27, 1998)). "Moreover, an issue is waived where it is simply raised without any argument regarding its merits." *Id*. at 56 (citing *Blair v. Badenhope*, 940 S.W.2d 575, 576–77 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988)). "This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Id*. (citing *Duchow*, 872 S.W.2d at 693).

Although we may suspend these requirements, the Supreme Court has held that it will not find error if we choose not to consider a case on its merits where the appellant fails to comply with the rules of this court. *Bean*, 40 S.W.3d at 55-6 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, 1 S.W.2d 781 (Tenn. 1928)). Having reviewed the record, the procedural history of this case, the numerous second chances the trial court afforded Plaintiff, and Plaintiff's failure to comply with the court's reasonable orders, schedules, and procedures, we find no reason to suspend the requirements.

### IN CONCLUSION

The judgment of the trial court is affirmed and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellant, Kevin J. Mamon, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[4] The issues stated by Plaintiff read as follows: (1) The trial court erred in granting the Defendants' Motion to Amend Its Answer to Assert Counterclaims. (2) The Defendants' counterclaims are untimely and barred by law. (3) The trial of April 11, 2016 is voidable because the Plaintiff did not receive sufficient notice to appear.