IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 1, 2023

## LAQUITTA CARPENTER v. JOURDAN RICHARDSON

**Appeal from the Circuit Court for Knox County**
No. 3-237-22          Deborah C. Stevens, Judge
_____

**No. E2023-00208-COA-R3-CV**
_____

This is an appeal from a default judgment originally entered by the General Sessions Court for Knox County ("general sessions court") and then appealed to the Circuit Court for Knox County ("circuit court"). Because the defendant did not appear in the circuit court, the circuit court also entered a default judgment against the defendant. The defendant then appealed to this Court. However, because of deficiencies in the defendant's brief, any issues purportedly raised are waived. We thus affirm the circuit court's ruling.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Jourdan Richardson, Knoxville, Tennessee, Pro Se.

Laquitta Carpenter, Knoxville, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

As best we can discern from the scant record and briefing, this case arises from a car accident that occurred in March of 2022. The general sessions court entered a default

_____

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment in favor of Laquitta Carpenter ("Plaintiff") on July 25, 2022, against Jourdan Richardson ("Defendant"). The judgment was in the amount of $10,000.00. Defendant, acting pro se, filed an appeal to the circuit court, and a hearing was set for January 11, 2023. Defendant did not appear at the hearing, and the circuit court entered an order providing as relevant:

> On or about August 31, 2022, the Clerk of the Circuit Court provided a notice to all parties that this matter was set for non-jury litigation on Wednesday, January 11, 2023, at 9:00 a.m. The notice was mailed to all parties, including Jourdan Richardson at the same address provided in the Notice of Appeal.
>
> On January 11, 2023, the Circuit Court was opened, and the Court waited until 9:10 a.m. At the time, only Laquitta Carpenter was present in the courtroom. The courtroom officer then was instructed to call out Jourdan Richardson in the area outside the courtroom and no one responded. Court was adjourned at 9:18 a.m. after judgment was entered and there was still no appearance by Jourdan Richardson.
>
> IT IS THEREFORE ORDERED this Court does hereby enter judgment by default in favor of Laquitta Carpenter against Jourdan Richardson in the amount of the General Sessions judgment of $10,000.00 plus interest at the rate of 6.75% per year and costs of this suit, for which execution may enter and subject to execution in the Circuit Court.

Defendant appealed to this Court. As she did in the trial court, Defendant proceeds pro se in this appeal. Nonetheless, she "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Here, we cannot consider the merits of Defendant's appeal because she has failed to comply with the procedural rules applicable to this Court, and her issues are thus waived. The Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Rule 6 of the Rules of the Court of Appeals provides further requirements about briefing in this Court. Failure to comply with the Rules of Appellate Procedure or the rules of this Court can result in waiver of a litigant's issues. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citing *Duchow v. Whalen*, 872 S.W.2d 692 (Tenn. Ct. App. 1993)).

Defendant's appellate brief, which consists of only one page, has several deficiencies. First, while Defendant claims in her "Statement of issue for review" that she "was not involved in a hit and run with this vehicle[,]" this is not a proper issue for review as it does not articulate how the circuit court erred. *See* Tenn. Ct. App. R. 6(a)(1) (providing that an appellate brief should contain "[a] statement by the appellant of the alleged erroneous action of the trial court which raises the issue"); *see also State v. Williams*, 914 S.W.2d 940, 948 (Tenn. Crim. App. 1995) ("Issues are persuasively worded legal conclusions. Each issue should apply a rule of law to relevant facts and relate the conclusion that the party wants the appellate court to reach."); *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("The requirement of a statement of the issues raised on appeal is no mere technicality."). Defendant's "Statement of issue for review" is a factual statement as opposed to an assignment of error as to the circuit court's decision.

In addition, Defendant's "Statement of case" and "Statement of facts" lack citations to the record. *See* Tenn. R. App. P. 27(a)(5), (6); *O'Shields v. City of Memphis*, 545 S.W.3d 436, 443 (Tenn. Ct. App. 2017) (issues waived due to failure to cite to the appellate record). Moreover, Defendant's "Argument" section does not state an error by the circuit court, lacks citations to legal authority, and lacks citations to the technical record.

> [T]he failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576–577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).

*Bean*, 40 S.W.3d at 55–56. In this case, Defendant's argument is woefully deficient, as it provides in its entirety:

> This hit and run was to my knowledge on March 3, 2022, around 6:50 PM at which time I was on an aircraft coming back to Knoxville. I did not give permission for anyone to use my car during this time I'll did have aThis [sic] hit and run was to my knowledge on March 3, 2022, around 6:50 PM at which time I was on a aircraft coming back to Knoxville. I did not give permission for anyone to use my car during this time. I did have insurance on my car at this time however, the insurance will not pay for damages because I Jordan Richardson policyholder was not the one operating the vehicle. I tried to have

- 4 -

a police report, drawn up for my car being stolen in the city of Knoxville, but was denied because it was already recovered.

The initial hearing which I was present for, was rescheduled for a later date, which I did not receive adequate notice for. Which interned [sic] allowed [Plaintiff] to be granted $10,000 for the damages to her car in this case damages that her insurance policy is currently suing me for in the amount of less than $4000.

Under the circumstances, Defendant has substantially failed to comply with Tennessee Rule of Appellate Procedure 27 as well as Rule 6 of the rules of this Court. This failure is so substantial that, notwithstanding her pro se status, it cannot be overlooked. Any issues Defendant has attempted to raise are therefore waived. *See Bean*, 40 S.W.3d at 55.

Aside from the insufficient briefing, Defendant also concedes that she was not present for the final hearing in general sessions court or for the circuit court hearing on January 11, 2023. Aside from her notice of appeal, Defendant filed nothing in the circuit court proceedings. Consequently, any arguments Defendant attempts to raise in this Court, such as a lack of adequate notice, are being raised for the first time. "'It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court.'" *Ellithorpe v. Weismark*, 479 S.W.3d 818, 830 (Tenn. 2015) (quoting *Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010)). Accordingly, Defendant's arguments, even if sufficient under the pertinent rules for briefing, would be waived for failure to raise them in the court below.

## CONCLUSION

Based on the foregoing, we affirm the ruling of the Circuit Court for Knox County. Costs of this appeal are taxed to the appellant, Jourdan Richardson, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE