IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2024

## KYUHWAN HWANG v. SANIA HOLT ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-2449-22      Rhynette N. Hurd, Judge**

_____

### No. W2023-00627-COA-R3-CV

_____

The trial court dismissed Appellant's lawsuit for failure to comply with discovery. Tenn. R. Civ. P. 37.02(C) and 41.02(1). Because Appellant's brief fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we do not reach Appellant's issues and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Kyuhwan Hwang, Memphis, Tennessee, appellant, pro se.

Jeffrey E. Nicoson, Memphis, Tennessee, for the appellees, Sania S. Holt and MGA.

### MEMORANADUM OPINION[1]

On June 19, 2021, Appellant Kyuhwan Hwang and Appellee Sania Holt were involved in a motor vehicle accident. On June 16, 2022, Mr. Hwang filed suit against Ms. Holt and MGA, an insurance company.[2] Asserting claims for negligence and intentional

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Mr. Hwang did not effectuate service on MGA, and the trial court dismissed MGA when dismissing the lawsuit. MGA did not file a brief in this appeal, and no issue has been raised concerning the dismissal of MGA.

torts, Mr. Hwang sought compensatory and punitive damages, as well as declaratory relief. On July 28, 2022, Ms. Holt filed an answer and, on the same day, moved for partial judgment on the pleadings under Tennessee Rule of Civil Procedure 12.03. By order of September 9, 2022, the trial court granted Ms. Holt's motion and dismissed the causes of action for intentional torts, punitive damages, and declaratory relief. On the same day, Ms. Holt filed a motion to compel, wherein she averred that Mr. Hwang had failed to respond to her first set of interrogatories and requests for production of documents. On September 23, 2022, the trial court entered an order granting the motion to compel and requiring responses from Mr. Hwang by October 17, 2022. Having received no responses by the due date, on October 28, 2022, Ms. Holt filed a second motion to compel. The trial court granted Ms. Holt's motion and ordered Mr. Hwang to produce responses by November 21, 2022; Mr. Hwang was also ordered to pay Ms. Holt $500.00 in fees and costs for failing to respond. On November 30, 2022, Mr. Hwang moved to recuse the trial court and asserted the trial court's impartiality was questionable due to her prior employment while practicing as an attorney. Ms. Holt opposed this motion.

Mr. Hwang did not respond to discovery by November 21, and Ms. Holt filed a third motion to compel on December 9, 2022. On January 6, 2023, the trial court heard Ms. Holt's third motion to compel and Mr. Hwang's motion for recusal. Following the hearing, the trial court denied the motion to recuse. On January 9, 2023, Mr. Hwang filed a second motion to recuse, which Ms. Holt also opposed. By order of January 23, 2023, the trial court granted Ms. Holt's third motion to compel, ordering Mr. Hwang to produce discovery responses by February 6, 2023, and to pay Ms. Holt another $500.00 in fees and costs. The January 23rd order also warned Mr. Hwang that his lawsuit would be dismissed with costs if he failed to comply with the order.

On March 1, 2023, Ms. Holt filed a motion for dismissal under Tennessee Rule of Civil Procedure 37, which provides, in relevant part, that a court may punish a party's failure to comply with discovery by "dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Tenn. R. Civ. P. 37.02(C). On March 23, 2023, Mr. Hwang filed his first set of responses to interrogatories and document production requests. Therein, Mr. Hwang averred that he responded to discovery but conceded that he did not do so by the deadline of February 6, 2023.

Ms. Holt's motion for dismissal was heard on March 24, 2023. On the same day, the trial court entered an order denying Mr. Hwang's second motion for recusal. On March 31, 2023, the trial court entered its order dismissing Mr. Hwang's lawsuit with prejudice pursuant to Tennessee Rules of Civil Procedure 37.02(C) and 41.02(1), the latter of which provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." On April 3, 2023, Mr. Hwang filed a motion to vacate the order of dismissal and/or for reconsideration. Concurrently, Mr. Hwang filed a third motion to

recuse. Ms. Holt filed a response in opposition to the third recusal motion and also opposed the motion to vacate and/or for reconsideration. On April 20, 2023, Mr. Hwang filed a motion to alter or amend the judgment, which Ms. Holt opposed in her April 26, 2023 response. On April 28, 2023, Ms. Holt filed a show cause motion based on Mr. Hwang's failure to set a hearing on his post-judgment motions and third motion to recuse. On April 30, 2023, Mr. Hwang filed a notice of appeal to this Court. The pending motions were set for hearing in the trial court on May 26, 2023. On May 26, 2023, the trial court entered an order denying the third motion to recuse. On June 2, 2023, the trial court entered orders: (1) granting Ms. Holt's show cause motion; (2) denying Mr. Hwang's motion to set aside and/or vacate the dismissal order; (3) denying Mr. Hwang's motion to reconsider; and (4) denying Mr. Hwang's motion to alter or amend the judgment.

Mr. Hwang appeals and raises the following issues for review as set out in his brief:
A. In terms of Supreme Court of Tennessee Rule 10B:

Whether the Court can/could make further orders or take further action on the case after a motion to recuse the judge was filed, and/or when a/the motion to recuse was pending *(without good cause stated in the order in which such action is taken)?*

B. In terms of Local Rule Six (6).[3]

Whether the Court can/could dismiss a case when Defendant failed to comply with the Local Rule Six (6).

C. In terms of a fair process of law. (a fair process of litigation / legal procceeding [sic] / due process / court of law).

Whether Plaintiff had a fair process of litigation in this action?

C. In terms of appellate process.

Is it proper whether the Court of Appeal makes a decision when a criminal investigation in this action is pending and is not finished, and/or before the criminal investigation in this action is finalized?

---

[3] "All motions for summary judgment and to dismiss shall be filed with the Clerk at least thirty (30) days before the motion is heard . . . ." Shelby Co. Cir. Ct. Loc. R. 6(A). As discussed, *infra*, Ms. Holt's motion was brought under Tennessee Rules of Civil Procedure 41.02(1) and 37.02(C) for Mr. Hwang's failure to comply with the trial court's discovery orders. It was not a motion for summary judgment or for dismissal under Tennessee Rule of Civil Procedure 12.

- 3 -

We do not reach the foregoing issues due to Mr. Hwang's failure to comply with the briefing requirements of the Tennessee Rules of Appellate Procedure and the rules of this Court. Before addressing the specific problems with Mr. Hwang's appellate brief, we note that he is proceeding pro se in this appeal. Nonetheless, he "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As this Court has explained,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926-27 (quoting *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)). Accordingly, notwithstanding his pro se status, Appellant must comply with the procedural rules applicable to this Court. For the reasons discussed below, we conclude that Appellant failed to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6 in his briefing.

The Tennessee Rules of Appellate Procedure provide that an appellant's brief shall contain, among other things:

> (7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, *with citations to the authorities and appropriate references to the record* (which may be quoted verbatim) relied on; and (B) *for each issue, a concise statement of the applicable standard of review* (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)
>
> . . . .
>
> (g) **Reference in Briefs to the Record**. Except as provided in Rule 28(c), reference in the briefs to the record shall be to the pages of the record involved. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages in the record at which the evidence was identified, offered, and received or rejected.

Tenn. R. App. P. 27(a)(7), (g) (emphases in italics added). Pursuant to Rule 27(a)(7)(A), "[i]t must be clear that a party has constructed an argument regarding his or her position on appeal; if not, the matter is subject to waiver." *Heflin v. Iberiabank Corp.*, 571 S.W.3d 727, 734 (Tenn. Ct. App. 2018) (citing *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006)). "[C]ompliance with the Rule has not been achieved" when this Court "cannot ascertain that an issue is supported by adequate argument." *Id*.

In addition to Tennessee Rule of Appellate Procedure 27, Tennessee Court of Appeals Rule 6 states:

> **(a)** Written argument in regard to each issue on appeal shall contain:
>
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
>
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
>
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
>
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> **(b)** No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a)-(b).

Here, the "Argument" section of Appellant's brief provides, in its entirety:

## VI. ARGUMENT

PLAINTIFF-APPELLANT Hwang respectfully submits this ARGUMENT to the Honorable COURT OF APPEALS OF TENNESSEE AT JACKSON.

The more detailed argument and/or information is contained, mentioned, explained, or described in the document whose name/title was Notice of Plaintiffs Statement(s) which PLAINTIFF-APPELLANT filed on or about March 25, 2023.

**Part A.**

PLAINTIFF-APPELLANT Hwang alleges or/and states the following in terms of the hearing which occurred on or about **March 24, 2023** in the courtroom of Division V of the Honorable Court.

As soon as PLAINTIFF-APPELLANT began to mention 'Local Rule(s)', especially Rule Five (5) and **Rule Six (6)**, he was being and/or was disrupted by the [trial court].

Rule Six(6) is conjunctly, jointly, or/and directly, interconnected or related with the motion for involuntary dismissal. The motion for involuntary dismissal is a DISPOSITIVE MOTION.

Regrettably, PLAINTIFF-APPELLANT got the impression, or/and could not and cannot exclude his reasonable suspicion(s) that the [trial court] disrupted Plaintiff's legal argument(s) ON PURPOSE INTENTIONALLY.

Because of the judge's sudden, abrupt, and/or unexpected disruption/interruption, Plaintiff could not continue to make his legal arguments which he initiated. Plaintiff had to stop both legal and logical development of his arguments.

And then, [the trial court] declared, suddenly, abruptly, and/or unexpectedly, that [it] made a decision about the motion and/or the case.

Therefore, PLAINTIFF-APPELLANT could not make or/and finish the remaining argument(s) about the motion for involuntary dismissal. PLAINTIFF-APPELLANT respectfully alleges that his legal claim(s) should not have been dismissed this way.

**Part B**.

**In terms of the motion for involuntary dismissal**

**(a) PLAINTIFF-APPELLANT's Legal Argument Point One (1).**

PLAINTIFF-APPELLANT's claim was not dismissed on January 6, 2023. Plaintiff filed his second motion to recuse the judge on or about January 9, 2023.

Supreme Court of Tennessee Rule 10B.

[The trial court] should not/could not have made any further orders, or/and take any further action on the case.

ORDER GRANTING DEFENDANT'S THIRD MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES AND PRODUCTION was filed on or about January 23, 2023.

Legal Argument: ORDER GRANTING DEFENDANT'S THIRD MOTION TO COMPEL WRITTEN DISCOVERY RESPONSES AND PRODUCTION **should not have been filed on January 23, 2023**.

The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal was **wrong and legally flawed**.

**(b) PLAINTIFF-APPELLANT's Legal Argument Point Two (2).**

The court order has been filed on or about January 23, 2023 because there was an orally granted order at the hearing on January 6, 2023. However, PLAINTIFF-APPELLANT filed, on or about March 23, 2023, PLAINTIFF'S RESPONSE(S) TO DEFENDANT SANIA S. HOLT's INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF.

PLAINTIFF-APPELLANT'S RESPONSE(S) was filed BEFORE the hearing on or about March 24, 2023. PLAINTIFF-APPELLANT'S RESPONSE(S) complied with the court order. It complied with the court order completely. PLAINTIFF-APPELLANT answered to every question without omitting or missing out any item of questions.

At least it complied fundamentally or/and substantially. PLAINTIFF-APPELLANT can submit additional documents when necessary as he mentioned or explained in the document. What PLAINTIFF-APPELLANT'S RESPONSE(S) did not comply with the court order was the timing (date). PLAINTIFF-APPELLANT'S RESPONSE(S) should have been filed by no later than February 6, 2023. Plaintiff did not do that. However, PLAINTIFF-APPELLANT filed his response(s) on or about March 23, 2023 **BEFORE** the hearing on March 24, 2023 when/where the

motion for involuntary dismissal was orally granted.

Legal Argument: The motion for involuntary dismissal should not have been orally granted at the hearing on March 24, because PLAINTIFF-APPELLANT filed his response(s) before the hearing and complied with the court order.

The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal was **wrong and legally flawed**.

Additionally, and especially in terms of Tennessee Rules of Civil Procedure. RULE 41. DISMISSAL OF ACTIONS.

**RULE 41. (3). "upon the merits."**
It is said, in a dictionary, that "merits" are the actual and intrinsic rights and wrongs of an issue, especially in a law case, as distinct from extraneous matters and technicalities.

**(c) PLAINTIFF-APPELIANT's Legal Argument: Point Three (3).**

PLAINTIFF-APPELLANT would like to point out the fundamental **INCONSISTENCY** (discrepancy, discordance, difference) of the content between the orally granted court order on January 6, 2023, and the court order which was filed/made on January 23, 2023.

What does this **INCONSISTENCY** mean? PLAINTIFF-APPELLANT respectfully alleges that the parties involved about the court order did make such inconsistency **ON PURPOSE** and/or **INTENTIONALLY**.

Legal Argument: The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal lacked the judicial justification or/and legitimacy. The oral decision (on March 24, 2023) was based on and/or originated from the court order (on January 23, 2023) which contained INCONSISTENCY.

The court order (on January 23, 2023) was the result of manipulation. The oral decision by [the trial court] at the hearing on March 24, 2023 was **wrong** because it was based on/originated from the manipulated court order.

**(d) PLAINTIFF-APPELLANT's Legal Argument Point Four (4).**

The hearing on March 24, 2023 should not have dealt with the issues of the motion for involuntary dismissal. Legal Ground: LOCAL RULE SIX.

- 8 -

DISPOSITIVE MOTIONS (A).

DEFENDANT-APPELLEE SANIA S. HOLT'S MOTION FOR INVOLUNTARY DISMISSAL was filed on or about March 1, 2023. The hearing at these issues occurred on March 24, 2023.

Therefore, DEFENDANT-APPELLEE HOLT'S MOTION FOR INVOLUNTARY DISMISSAL was not filed with the Clerk <u>AT LEAST THIRTY (30) DAYS</u> before the motion was heard.

DEFENDANT-APPELLEE HOLT'S MOTION FOR INVOLUNTARY DISMISSAL should have been filed <u>AT LEAST THIRTY (30) DAYS</u> before the motion was heard on March 24, 2023.

<u>Legal Argument</u>: LOCAL RULE SIX. DISPOSITIVE MOTIONS (A), (B). were violated by the opposing parties/counsel(s).

The motion for involuntary dismissal was not filed with the Clerk at least thirty (30) days before the motion was heard. The hearing on March 24, 2023 for INVOLUNTARY DISMISSAL should not have occurred.

The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal was **wrong and legally flawed**.

**(e) PLAINTIFF-APPELLANT's Legal Argument Point Five (5).**

PLAINTIFF-APPELLANT sent an email to Mr. Scofield on or about March 2, 2023. Since then, Plaintiff did not agree to any hearing date with the opposing parties/counsel(s) for DEFENDANT-APPELLEE HOLT'S MOTION FOR INVOLUNTARY DISMISSAL.

In terms of the hearing date on March 24, 2023, Plaintiff agreed to that date with the opposing parties/counsel(s) for the MOTION TO RECUSE THE JUDGE. PLAINTIFF-APPELLANT did not say / has not said that he was available on March 24, 2023 for DEFENDANT-APPELLEE HOLT'S MOTION FOR INVOLUNTARY DISMISSAL.

In terms of the CERTIFICATE OF CONFERENCE on DEFENDANT-APPELLEE SANIA S. HOLT'S MOTION FOR INVOLUNTARY DISMISSAL.

In terms of the issues of Rules 5(H) and 12(E), and "in a good faith effort", the CERTIFICATE OF CONFERENCE mentioned above did not note

PLAINTIFF-APPELLANT's opposition in the defendant's Certificate of Consultation. And it was not a good faith effort. It was a bad faith effort. Because the opposing parties/counsel(s) were misleading or manipulating what PLAINTIFF-APPELLANT said in the emails.

Legal Argument: The hearing on March 24, 2023 for DEFENDANT-APPELLEE SANIA S. HOLT'S MOTION FOR INVOLUNTARY DISMISSAL should not have occurred. The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal was **wrong and legally flawed**.

**(f) PLAINTIFF-APPELLANT's Legal Argument Point Five (6)**.

There are issues about disruption of litigation in this case. There was the failure of the delivery of the Court's Order in this case. PLAINTIFF-APPELLANT received, saw, and/or ended up reading the written court order in the attached file ("EXHIBIT A") in the email ("Hwang v. Holt - Motion to Dismiss Filed") which Mr. Scofield sent Plaintiff on or about March 2, 2023.

Mr. Scofield sent PLAINTIFF-APPELLANT an email, on or about January 7, 2023, whose title was "Proposed Order Granting Third MTC". Plaintiff received the proposed order from Mr. Scofield, but alleges that he did not receive the 'official written court order'.

Legal Argument: It is suspected that the disruption of litigation existed in this case. Plaintiff was not served on timely manner. Especially the official written court order was not delivered to PLAINTIFF-APPELLANT's P.O. Box, or it was not found in his P.O. Box until this day. The copy of official written court order was sent or/and delivered by Mr. Scofield to Plaintiff's email box on or about March 2, 2023.

PLAINTIFF-APPELLANT's argument is about the fair process of litigation.

The motion for involuntary dismissal should not have been orally granted at the hearing on March 24, 2023 because PLAINTIFF-APPELLANT did not and/or could not have a fair opportunity to respond on timely manner against the opposing parties/counsels.

The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal was made **under the UNFAIR process of litigation**. Or it was influenced by such environment of unfair process of litigation.

- 10 -

(emphases in original).

In neither the "Argument" section, nor in a separate section of his brief, does Appellant provide "a concise statement of the applicable standard of review." Tenn. R. App. P. 27(a)(7)(B); *State v. Franklin*, No. M2018-01958-CCA-R3-CD, 2020 WL 4280692, at *28 (Tenn. Crim. App. July 27, 2020) (waiving appellant's issue for, among other things, failure to provide a statement of the applicable standard of review as required by Tenn. R. App. P. 27(a)(7)(B)). However, the lack of a statement of the applicable standard of review is the least of the omissions in Appellant's brief. More pressing are Appellant's failures to: (1) cite to the record, Tenn. R. App. P. 27(a)(7)(A), (g), Tenn. Ct. App. R. 6(a)-(b); (2) cite to legal authority, Tenn. R. App. P. 27(a)(7)(A); and (3) make arguments setting forth his contentions "with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief." Tenn. R. App. P. 27(a)(7)(A).

As set out in context above, the "Argument" section of Appellant's brief contains no citations to the record.  For example, Appellant asserts that the trial court disrupted him such that he "could not continue to make his legal arguments," but he fails to include citation to the record where this occurred. Appellant further asserts that, "The oral decision by [the trial court] at the hearing on March 24, 2023 in terms of the motion for involuntary dismissal lacked the <u>judicial justification or/and legitimacy</u>. The oral decision (on March 24, 2023) was based on and/or originated from the court order (on January 23, 2023) which contained **<u>INCONSISTENCY.</u>**" (emphases in original) However, Appellant fails to cite to the portion of the record that contains the trial court's oral decision, much less to the specific parts of that ruling that give rise to his argument. Likewise, Appellant fails to point out the specific areas of the record that support his statement that the trial court's oral decision was "inconsisten[t]" with its written order. These are just a few examples of how the omission of record citations precludes our review of these arguments. As this Court has explained, "[w]ithout citation to the record to show where the alleged erroneous actions of the trial court are recorded, where Plaintiffs' challenge to the error is recorded, where Plaintiffs' prejudice is recorded . . . and where evidence of each determinative fact may be found, . . . this court is left to speculate on exactly what relief [appellants] are seeking." *Little v. City of Chattanooga*, 650 S.W.3d 326, 353 (Tenn. Ct. App. 2022), *perm. app. denied* (Tenn. June 14, 2022); *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record. . . in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue.").

Perhaps more problematic is Appellant's failure to cite any legal authority in support of his arguments.   Under similar circumstances, we have deemed issues waived. *See, e.g.*, *Masserano v. Masserano*, No. W2018-01592-COA-R3-CV, 2019 WL 2207476, at *4-5 (Tenn. Ct. App. May 22, 2019) (holding that husband waived issues on appeal by failing

- 11 -

to cite supporting legal authorities); *Bean*, 40 S.W.3d at 55 ("Courts have routinely held that the failure to . . . cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue."). Although he cites no caselaw in support of his arguments, we concede that Mr. Hwang does reference Tennessee Supreme Court Rule 10B, Tennessee Rule of Civil Procedure 41, and certain of the Shelby County Circuit Court Local Rules of Practice. However, in mentioning the foregoing rules, Mr. Hwang fails to make cogent arguments as to how these rules allegedly were violated. For example, Mr. Hwang states that, "The hearing on March 24, 2023 should not have dealt with the issues of the motion for involuntary dismissal. Legal Ground: LOCAL RULE SIX. DISPOSITIVE MOTIONS (A)." Although cited as "legal ground," Mr. Hwang does not develop an argument as to why or how Local Rule Six precluded the trial court's consideration of the motion for involuntary dismissal during the March 24 hearing. Similarly, Mr. Hwang asserts that, "Supreme Court of Tennessee Rule 10B. [The trial court] should not/could not have made any further orders, or/and take any further action on the case." Yet, he does not develop an argument concerning why or how Supreme Court Rule 10 negated the trial court's ability to enter "further orders," or what those "further orders" decided. Based on the lack of coherency in Appellant's arguments, and his utter failure to develop arguments that set out his contentions with respect to the issues presented, including why the contentions require appellate relief, Tenn. R. App. P. 27(a)(7)(A), we are left to wonder as to the exact nature of the errors asserted in his brief. As we have often reiterated, "'[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.'" *Little*, 650 S.W.3d at 353 (quoting *Sneed v. Bd. of Prof'l Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010)).

Because Appellant's argument contains no citations to the record, contains no citations to applicable legal authority explaining the trial court's purported error, and is severely underdeveloped, it can only be characterized as "skeletal." *Little*, 650 S.W.3d at 353; *see also Heflin*, 571 S.W.3d at 734. Consequently, we are left to speculate as to the precise error Appellant complains of, as well as how any purported error warrants relief in Appellant's favor pursuant to legal authority; as such, "compliance with [Rule 27] has not been achieved." *Heflin*, 571 S.W.3d at 734. As we have explained:

> Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.* 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1988).

. . . .

This Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc., v. Barr*, 807 S.W.2d 247 (Tenn.Ct.App.1990)).

*Bean*, 40 S.W.3d at 55-56.

Although we again acknowledge Appellant's pro se status, his failure to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6 is so substantial that it cannot be overlooked. In short, this Court cannot write the brief for him or "create arguments or issues where none otherwise are set forth." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). Rather, this Court may properly decline to consider an issue that has not been briefed in accordance with applicable rules, *Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015), and we have previously held that a party's "failure to comply with the Rules of Appellate Procedure and the rules of this Court waives the issues for review." *Bean*, 40 S.W.3d at 55.

For the foregoing reasons, Appellant's issues are waived, and the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Kyuhwan Hwang. Execution for costs may issue if necessary.

      s/ Arnold B. Goldin
      ARNOLD B. GOLDIN, JUDGE